IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| KOREY ADELEYE | § | |
| VS. | § | CIVIL ACTION NO. 1:18-CV-513 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION REGARDING TRANSFER

Petitioner, Korey Adeleye, an inmate currently confined at the Gib Lewis Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner is required to file his federal petition for writ of habeas corpus in either the district where the prisoner is incarcerated or the district where the prisoner was convicted and sentenced. 28 U.S.C. § 2241(d). Although both district courts have jurisdiction to entertain the application, "[t]he district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." *Id*.

In the present case, petitioner contests a disciplinary conviction while incarcerated at the Gib Lewis Unit in Woodville, Texas which is located in the Eastern District of Texas, Lufkin Division. Petitioner is still incarcerated at the Gib Lewis Unit located within the Eastern District of Texas,

Lufkin Division. Petitioner was convicted for aggravated robbery in 2010 in the Southern District of Texas. It is unclear why petitioner filed the above-referenced petition in the Eastern District of Texas, Beaumont Division. Regardless, venue is not proper in this Division. This Court shall transfer the application to the Eastern District of Texas, Lufkin Division for hearing and determination as venue is proper in the Lufkin Division.

## Conclusion

The Court has considered the circumstances underlying the particular facts of this case and has determined that venue is not proper in the Beaumont Division of the Eastern District of Texas. As such, venue must be transferred to the division where petitioner's disciplinary conviction occurred. Therefore, the petition should be transferred to the Lufkin Division for the Eastern District of Texas for hearing and determination. An order transferring the case will be entered by the undersigned.

SIGNED this 15th day of October, 2018.

_____
Zack Hawthorn
United States Magistrate Judge